

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

# 0-4281

Honorable H. W. Pitman
County Auditor
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. 0-4365
Re: Officers Salary Law - Method
of computing salaries

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The Commissioners' Court of Fayette County has under consideration the matter of fixing the Officers salaries for the year 1942 and has before it your Opinion No. 0-4281, relating to the salary of the County Attorney of Fayette County.

"In such opinion, the minimum salary payable to the County Attorney is based on the following method of calculation, to-wit:
"(1) Fees collected in cash;
"(2) Fees earned but not collected;
"(3) Ex-officio salary earned.

"The above three items are totaled; and from this total is deducted $2,750.00, the remainder being divided by three. To the resulting figure is added the sum of $2,750.00, the total representing the minimum salary payable to the County Attorney.

"The above method of calculating the minimum salary is not the method heretofore used in this County, and it occurs to us that in formulating your Opinion 0-4281, your Department did not realize that the method of making these calculations might affect the final minimum salary figure.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Heretofore, Fayette County has used the
following method of arriving at the minimum
salary, to-wit:  fees earned and collected
and fees earned but not collected are totalled.
From this figure is deducted the expenses of
the office.  From the resulting figure (re-
mainder) is deducted $2,750.00.  This figure
is then divided by three and to the resulting
amount is added $2,750.00 and the ex-officio
salary paid in 1935.

"The difference in the two methods of
calculations is this:  in your method, the
1935 ex-officio salary is included in the cal-
culation before deducting the $2,750.00 and
dividing by three.  In our method, the ex-
officio salary is not included until after the
$2,750.00 has been deducted and the division
by three is made.

"For an example of the difference that
the method of calculation makes there is at-
tached hereto a calculation of the minimum
salary payable to the County Clerk based (1) on
your method and (2) on our method.

"Which method is correct?"

Upon reconsideration we have reached the conclusion
that the method of computation used by us in opinion No. O-4281
was incorrect and that your method of computation outlined in
your letter is correct.  See the case of Anderson County v.
Hopkins, 187 S. W. 1019, which holds that ex officio compen-
sation cannot be regarded as "excess fees" under Article 3891,
V. A. C. S.

Opinion No. O-4281 is modified as follows:  It is
our opinion under the facts stated in opinion No. O-4281 that
the Commissioners' Court of Fayette County is legally requir-
ed to set the salary of the County Attorney of Fayette County
at $3,500.00 per annum.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 4, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:GO

APPROVED
OPINION COMMITTEE
BY
CHAIRMAN